# IN THE COURT OF APPEALS OF IOWA

No. 20-0193
Filed February 3, 2021

**CHARLES ZEDIANA,**
     Plaintiff-Appellant,

**vs.**

**ABDOLHOSSEIN E. AHARI, M.D. and MASON CITY CLINIC, P.C.,**
     Defendants-Appellees.
_____

Appeal from the Iowa District Court for Cerro Gordo County, James M. Drew, Judge.

Charles Zediana appeals the district court's grant of summary judgment in favor of Abdolhossein E. Ahari, M.D. and Mason City Clinic, P.C. **AFFIRMED.**

James P. McGuire of McGuire Law, P.L.C., Mason City, for appellant.

Stacie M. Codr and Jeffrey R. Kappelman of Finley Law Firm, P.C., Des Moines, for appellees.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**VAITHESWARAN, Judge.**

On June 28, 2016, Charles Zediana had surgery to remove a cancerous tumor. Dr. Abdolhossein E. Ahari performed the surgery. Within one month, a leak developed. A drain was installed to deal with the leak.

On August 30, 2018, Zediana sued Dr. Ahari and Mason City Clinic, P.C., alleging "Dr. Ahari negligently failed to exercise due and reasonable care consistent with prevailing medical standards and deviated from the minimum standard of care" in failing "to appropriately recognize the risks of" a leak in patients with his diagnosis and in failing to perform a procedure known as "diversion ileostomy, which resulted in" the leak. Dr. Ahari and Mason City Clinic filed an answer raising a statute-of-limitations defense. They followed up with a motion for summary judgment. The district court granted the motion, reasoning as follows:

> The undisputed facts are such that no later than August 24, 2016, Mr. Zediana knew, or through the use of reasonable diligence should have known, that he had an injury that was likely related to his recent medical care, i.e. the surgery. Therefore, plaintiff's petition was filed outside of the applicable two-year Statute of Limitations and his claim is barred.

Zediana appealed.

Iowa Code section 614.1(9)(a) (2018) prescribes a two-year statute of limitations for medical malpractice actions.[1] The legislature "intended the medical

---

[1] Under Iowa Code section 614.1(9)(a),
> [Claims] founded on injuries to the person or wrongful death against any physician and surgeon, osteopathic physician and surgeon . . . arising out of patient care, within two years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of, the injury or death for which damages are sought in the action, whichever of the dates occurs first . . . .

malpractice statute of limitations to commence upon actual or imputed knowledge of both the injury and its cause in fact." *Rathje v. Mercy Hosp.*, 745 N.W.2d 443, 461 (Iowa 2008). "[The] twin-faceted triggering event must at least be identified by sufficient facts to put a reasonably diligent plaintiff on notice to investigate." *Id.*

It is undisputed that Dr. Ahari informed Zediana that a leak was a potential risk of the cancer surgery. And Zediana admitted in a deposition that he had "many discussions about having an ileostomy" but it was "certainly not anything that [he] was interested in." It is also undisputed that Zediana learned he had a leak during a hospitalization approximately three weeks after the surgery, in mid-July 2016. At that time, Zediana was informed he had the option of "either an operation or" having "a drain" put in. He believed "either option was going to lead to a positive outcome." He "opted for the drain." After the drain was installed and following discussions with Dr. Ahari—who had consulted with Mayo Clinic—it was decided, "we were going to leave it alone. We had the drain in, and we were just going to wait until it healed."

Zediana now contends "[t]here is no way" he could have known or suspected "that the ileostomy that was not performed had anything to do with a possible cause of the leak at [the] surgical site which would naturally require the expertise of a surgeon." The undisputed facts establish otherwise. By the time of his July 2016 hospitalization and by the time of his final appointment with Dr. Ahari on August 24, 2016, Zediana knew enough to tie the leak to his earlier cancer-removal surgery. *See Rathje*, 746 N.W.2d at 461 ("[I]n all cases, a plaintiff must at least know the cause of the injury resulted or may have resulted from medical care in order to be protected from the consequences of the statute of

limitations . . . ."). We conclude there was no genuine issue of material fact and the district court did not err in granting the defendants judgment as a matter of law on their statute-of-limitations defense. *See Crow v. Jabbari*, No. 19-1566, 2020 WL 4201688, at *3 (Iowa Ct. App. July 22, 2020) ("Summary judgment is proper only if, viewing the evidence in the light most favorable to the nonmoving party, 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting Iowa R. Civ. P. 1.981(3))).

**AFFIRMED.**